

1
2
3
4
5

STEVEN W. MYHRE
Acting United States Attorney
NANCY J. KOPPE
Assistant United States Attorney
333 Las Vegas Boulevard South
Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388-5087

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### -oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) ) | 2:06-cr-00362-RLH-LRL |
| vs | ) ) | **PLEA MEMORANDUM** |
| DANE JOHN BOWLER, | ) ) | |
| Defendant. | ) ) ) | |

The United States, by and through Steven W. Myhre, Acting United States Attorney, and Nancy J. Koppe, Assistant United States Attorney, Dane John Bowler ("defendant") and defendant's attorney, Rene Valladares, submit this plea memorandum.

**I.**

**PLEA AGREEMENT**

The United States and defendant have reached the following plea agreement, which is not binding on the court:

**A.   The Plea**

Defendant will plead guilty to count one of the indictment charging Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(b). At the time of sentencing, the United States agrees to move to dismiss the remaining counts of the indictment as against defendant.

**B.    Additional Charges**

The United States Attorney's Office for the District of Nevada ("United States") will bring no additional charge or charges against defendant arising out of the investigation in the District of Nevada which culminated in this Plea Memorandum.

**C.    Sentencing Guideline Calculations**

Defendant understands that the court is required to consider United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence.  Defendant understands that the Sentencing Guidelines are advisory, and that after considering the Sentencing Guidelines, the court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

The parties agree to the following calculations of the Sentencing Guidelines:

1.    The Base Offense Level is 24. (§ 2G1.3(a));

2.    A 2 level upward adjustment applies because the offense involved the use of a computer or an interactive computer service to persuade, entice, induce or coerce a minor to engage in prohibited sexual conduct.  (§ 2G1.3(b)(2)(A))

3.    Pursuant to USSG §3E1.1(a) the United States will recommend that defendant receive a two-level adjustment for acceptance of responsibility unless defendant (a) fails to make a complete factual basis for the guilty plea at the time it is entered; (b) is untruthful with the Court or probation officers; (c) denies involvement in the offense or provides conflicting statements regarding defendant's involvement; (d) attempts to withdraw the guilty plea; (e) engages in criminal conduct; (f) fails to appear in court; or (g) violates the conditions of pretrial release.

4.    Under USSG §3E1.1(b), the United States will, in its sole discretion, make a motion for an additional one-level adjustment for acceptance of responsibility prior to sentencing if defendant timely notifies the United States of defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and allowing for the efficient allocation of resources.

. . . .

2

5.   The parties agree there are no other readily provable enhancements or adjustments.

6.   Defendant agrees that the court may consider any counts dismissed under this agreement, along with all other relevant conduct whether charged or uncharged, in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

7.   Defendant's Criminal History Category will be determined by the Court.

**D.   Other Sentencing Matters**

1.   The defendant will seek neither a downward departure pursuant to U.S.S.G. 5K1.1 nor a downward adjustment pursuant to 18 U.S.C. 3553 from any sentence that may be imposed within the applicable sentencing range.

2.   The United States will recommend that defendant be sentenced to the mandatory minimum sentence of five years unless defendant commits any of the acts that could result in a loss of the downward adjustment for acceptance of responsibility.

3.   Defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: where defendant resides; where defendant is an employee; and where defendant is a student.  Defendant understands that the requirements for registration include providing defendant's name, defendant's residence address, and the names and addresses of any places where defendant is or will be an employee or a student, among other information.  Defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which defendant resides, is an employee, or is a student not later than three business days after any change of defendant's name, residence, employment, or student status.  Defendant has been advised, and understands, that failure to comply with these

3

obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

4.      The parties agree that the Guideline calculations are based on information now known and could change upon investigation by the United States Probation Office. It is possible that factors unknown or unforeseen by the parties to the plea agreement may be considered in determining the offense level, specific offense characteristics, and other related factors. In that event, defendant will not withdraw defendant's plea of guilty.

5.      The stipulations in this agreement do not bind either the United States Probation Office or the court. Both defendant and the United States are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the court, and (b) correct any and all factual misstatements relating to the calculation of the sentence.

**E.      Fines and Special Assessment**

1.      Defendant agrees that the court may impose a fine due and payable immediately upon sentencing.

2.      Defendant will pay the special assessment of $100 per count of conviction at the time of sentencing.

**F.      Waiver of Appeal**

1.      In exchange for the concessions made by the United States in this plea agreement, defendant knowingly and expressly waives the right to appeal any sentence that is imposed within or below the applicable Sentencing Guideline range as determined by the Court or is the mandatory minimum sentence of five years, further waives the right to appeal the manner in which that sentence was determined on the grounds set forth in Title 18, United States Code, Section 3742, and further waives the right to appeal any other aspect of the conviction or sentence, including any order of restitution. Defendant reserves only the right to appeal any portion of the sentence that is higher than the mandatory minimum sentence of five years required by statute.

2.  Notwithstanding the stipulations in this agreement, the parties are free to argue on appeal and collateral review that the court's sentencing guidelines calculations are not error. However, each party agrees to maintain its view that the calculation in paragraph C are consistent with the facts of this case.

## G.  Additional Promises, Agreements, and Conditions

1.  In exchange for the United States entering into this agreement, defendant agrees that (a) the facts set forth in Section IV of this Plea Agreement shall be admissible against defendant under Fed. R. Evidence. 801(d)(2)(A) in the following circumstances: (1) for any purpose at sentencing; and (2) in any subsequent proceeding, including a trial in the event defendant does not plead guilty or withdraws defendant's guilty plea, to impeach or rebut any evidence, argument or representation offered by or on defendant's behalf; and (b) defendant expressly waives any and all rights under Fed. R. Criminal P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Section IV of the Plea Agreement to the extent set forth above.

2.  The parties agree that no promises, agreements, and conditions have been entered into other than those set forth in this plea memorandum, and will not be entered into unless in writing and signed by all parties.

## H.  Limitations

This Plea Agreement is limited to the United States Attorney's Office for the District of Nevada and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authority. However, this Plea Memorandum does not prohibit the United States through any agency thereof, the United States Attorney's office for the District of Nevada, or any third party from initiating or prosecuting any civil proceeding directly or indirectly involving defendant, including but not limited to, proceedings under the False Claims Act relating to potential civil monetary liability or by the Internal Revenue Service relating to potential tax liability.

. . . .

. . . .

5

## II.

## PENALTY

1.      The penalty for violating Title 18, United States Code, Section 2422(b) is not less than five (5) years imprisonment and not more than thirty (30) years imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both.

2.      Defendant is subject to supervised release for a term not exceeding life.

3.      Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4.      Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

5.      Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## III.

## ELEMENTS

The essential elements for the crime of Coercion and Enticement, Title 18, United States Code, Section 2422(b), are the following:

1.      The defendant, using the mail or any facility or means of interstate or foreign commerce;

2.      Knowingly persuaded, induced, enticed, or coerced, or attempted to knowingly persuade, induce, entice or coerce;

3.      Any individual who has not attained the age of 18 years;

6

4. To engage in any sexual activity for which any person can be charged with a criminal offense.

## IV.

## FACTS THAT SUPPORT GUILTY PLEA

1. Defendant is pleading guilty because defendant is guilty of the charged offense.

2. In pleading to the offense(s), defendant acknowledges that if defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish defendant's guilt beyond a reasonable doubt.

3. Defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4. From on or about March 23, 2006, until on or about October 13, 2006, in the State and Federal District of Nevada, defendant used a facility of interstate commerce to attempt to knowingly persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity. Additionally, defendant used a computer or interactive computer service to commit this crime.

5. Specifically, defendant engaged in numerous internet chats with a person he believed was a 13-year old girl named "Beth." "Beth" was actually Las Vegas Metropolitan Police Detective Tim Moniot, who was online acting in an undercover capacity as a thirteen (13) year old female. These communications took place through America Online (AOL), which is a facility or means of interstate or foreign commerce, as all communications using that internet service provider bounce to computers out of state. These communications begun on March 23, 2006, and concluded on or about October 13, 2006. In these communications, defendant used graphic sexual language in his attempt to persuade, induce and entice "Beth," whom he believed to be an underage girl, to have illegal sexual contact with him.

6. On October 12, 2006, defendant communicated with "Beth" and requested that they meet for the purposes of sex. Defendant made arrangements with "Beth" to meet on October 13,

2006, at a park in Las Vegas, Nevada. On October 13, 2006, defendant was arrested at this meeting place by Metro detectives. Defendant made a statement to the detectives in which he admitted that his intent was to have illegal sexual contact with "Beth" whom he believed to be a 13-year old girl. Defendant had items in his possession when he was arrested that indicated his intent to engage in sexual acts with "Beth." Defendant also admitted to having rented a hotel room, and provided consent to search it. Inside the hotel room, law enforcement agents found more items indicating defendant's intent to engage in sexual acts with "Beth."

### V.

### ACKNOWLEDGMENT

1.      Defendant, acknowledges by defendant's signature below that defendant has read this Memorandum of Plea Agreement, that defendant understands the terms and conditions, and the factual basis set forth herein, that defendant has discussed these matters with defendant's attorney, and that the matters set forth in this memorandum, including the facts set forth in Part IV above are true and correct.

2.      Defendant acknowledges that defendant has been advised, and understands, that by entering a plea of guilty defendant is waiving, that is, giving up, certain rights guaranteed to defendant by law and by the Constitution of the United States. Specifically, defendant is giving up:

a.      The right to proceed to trial by jury on the original charges, or to a trial by a judge if defendant and the United States both agree;

b.      The right to confront the witnesses against defendant at such a trial, and to cross-examine them;

c.      The right to remain silent at such trial, with such silence not to be used against defendant in any way;

d.      The right, should defendant so choose, to testify in defendant's own behalf at such a trial;

8

e.       The right to compel witnesses to appear at such a trial, and to testify in defendant's behalf; and,

f.       The right to have the assistance of an attorney at all stages of such proceedings.

3.       Defendant, defendant's attorney, and the attorney for the United States acknowledge that this Plea Memorandum contains the entire agreement negotiated and agreed to by and between the parties, and that no other promise has been made or implied by either defendant, defendant's attorney, or the attorney for the United States.


                                        STEVEN W. MYHRE
                                        Acting United States Attorney


**3-23-07**
DATED                                   NANCY J. KOPPE
                                        Assistant United States Attorney


**3/23/07**
DATED                                   DANE JOHN BOWLER, Defendant


**3/23/07**
DATED                                   RENE VALLADARES
                                        Counsel for Defendant

9